## STATE OF FLORIDA v LIEBOWITZ
### Case No. 85-045-AC
Eleventh Judicial Circuit, Appellate Division, Dade County
September 25, 1985

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Renee Ruska Pelzman,** Assistant Attorney General, for appellant.

**Marco Loffredo** for appellee.

Before LEVY, SALMON and FULLER, JJ.

### OPINION OF THE COURT

PER CURIAM.

Appellant appeals an Order of Dismissal. We reverse.

On November 10, 1984, the Defendant (Appellee) was arrested for D.U.I. His attorney entered his appearance December 17, 1984 and at that time demanded discovery pursuant to Rule 3.220, Fla.R.Crim.P.

The case was called for trial on January 17, 1985. The State had not

provided their discovery Response to defense counsel. The Assistant State Attorney acknowledged this error, asked for a continuance and said he would send out the discovery (today). The trial judge dismissed the case without a motion of defense counsel for either dismissal or to compel discovery.

In reversing we note that there was no inquiry into the circumstances surrounding the discovery violation. See *Richardson v. State*, 246 So.2d 771 (Fla. 1971). Three weeks remained before the expiration of the speedy trial period. Prejudice to the defendant cannot be presumed under these facts.

The severe sanction of Dismissal should be used only when no viable alternative exists. *Budman v. State*, 362 So.2d 1022, 1026 (Fla. 3rd DCA 1978).

REVERSED.